**MILSTEIN JACKSON**
**FAIRCHILD & WADE, LLP**
Gillian L. Wade, State Bar No. 229124
gwade@mjfwlaw.com
Sara D. Avila, State Bar No. 263213
savila@mjfwlaw.com
Marc A. Castaneda, State Bar No. 299001
mcastaneda@mjfwlaw.com
10250 Constellation Blvd., Suite 1400
Los Angeles, CA 90067
Tel: (310) 396-9600
Fax: (310) 396-9635

*Attorneys for Plaintiff and the Class*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMY LORENTZEN, on behalf of herself and all others similarly situated,<br><br>              Plaintiff,<br><br>     vs.<br><br>THE KROGER CO., an Ohio corporation; and DOES 1 – 10, inclusive<br><br>              Defendant. | Case No. 2:20-cv-06754<br><br>**CLASS ACTION COMPLAINT**<br><br>1. Violations of the Consumer Legal Remedies Act, Cal. Civ. C. §§ 1750, *et seq.*<br>2. Violations of the False and Misleading Advertising Law, Cal. Bus. & Prof. C. §§ 17500, *et seq.*<br>3. Violations of Unfair Competition Law, 'Unfair' and 'Fraudulent' Prongs, Cal. Bus. & Prof. C. §§ 17200, *et seq.*<br>4. Violations of Unfair Competition Law, "Unlawful" Prong, Cal. Bus. & Prof. C. §§ 17200, *et seq.*<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Amy Lorentzen ("Plaintiff"), through undersigned counsel, brings this class action against Defendant The Kroger Co. ("Defendant" or "Kroger") based on Defendant's false and deceptive advertising and labeling of its Kroger ground coffee Products. Plaintiff alleges the following based upon the investigation of counsel and on information and belief, except as to allegations pertaining to Plaintiff, which are based upon personal knowledge.

## INTRODUCTION

1.     This class action seeks to remedy Defendant's widespread false and deceptive advertising as to its Kroger ground coffee products (the "Products"). Using packaging and labeling which has been identical or nearly identical, Defendant systematically overstates the number of cups of coffee its Products can make, to the detriment of consumers who are deprived of the benefit of the bargain.

2.     The scheme is straightforward—Defendant sells the Products with the representation they contain enough ground coffee to yield a specific number of servings (e.g., 225 cups). This representation is prominently displayed on the front panel of the coffee canister. However, if the back-panel brewing instructions are followed, the canister produces significantly less than what is advertised on the front panel.

3.     Plaintiff purchased Defendant's Products because she reasonably believed—based on Defendant's representations—that they contained enough coffee to make the specified number of servings. However, they do not. Tests performed on the Products have shown that Defendant uniformly and systematically misrepresents the serving yield of its Products.

4.     Had Plaintiff known the truth (i.e., that the Products do not contain enough coffee to make the specified number of servings), she would have paid less for them, or would not have purchased them at all. As a result, Plaintiff has been deceived and has suffered economic injury.

5.      Accordingly, Plaintiff brings this action on behalf of herself and the Class for equitable relief and to recover restitution for: (i) violation of the Consumers Legal

Remedies Act, Cal Bus & Prof Code §§ 1750, *et seq.*, (ii) violation of the False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq.*, (iii) violation of the "Unfair" and "Fraudulent" Prongs of the Unfair Competition Law, Cal. Bus. & Prof. Code §17200, *et seq.*, and (iv) violation of the "Unlawful" Prong of the Unfair Competition Law, Cal. Bus. & Prof. Code §17200, *et seq.*

## JURISDICTION AND VENUE

6.    This action is brought pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332 ("CAFA"). Jurisdiction is vested in this Court in that the amount in controversy exceeds $5,000,000, exclusive of interests and costs, and includes a proposed plaintiff class in which more than two-thirds of its members, on the one hand, and Defendant, on the other, are citizens of different states.

7.    The Court has personal jurisdiction over Defendant because Defendant has sufficient minimum contacts in California, or otherwise intentionally availed itself of the markets within California, through the sale of the Products in California and to California consumers

8.    Venue is proper in this District under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or giving rise to Plaintiff's claims occurred in this District. Plaintiff resides in this District and purchased the Products in this District.

## PARTIES

9.    Plaintiff Amy Lorentzen is a resident of Manhattan Beach, California. Plaintiff purchased at least one Kroger ground coffee product during the Class Period.[1] Most recently, Plaintiff purchased Defendant's Kroger Medium Roast Supreme Blend Ground Coffee 29oz from a Ralphs store in Manhattan Beach, California. Plaintiff read the Product's label, which stated that one canister would produce 225 servings of coffee before purchasing the Product. Plaintiff relied on this representation when she purchased Defendant's Medium Roast Supreme Blend Ground Coffee for her own

---

[1] The term "Class Period" as used herein shall mean since July 28, 2016.

CLASS ACTION COMPLAINT

personal household use. Unbeknownst to Plaintiff at the time of her purchase, the canister did not contain enough coffee grounds to produce the number of servings promised on the Product's front label.

10. Plaintiff would not have purchased the Product, or would not have paid as much as she did, had she known that Defendant misrepresented the amount of servings the Product could produce.

11. Defendant The Kroger Co. is an Ohio corporation with its principle place of business in Cincinnati, Ohio. The Kroger Co. is the largest supermarket chain in the United States and operates various grocery stores throughout the country, including California. The Kroger Co. is responsible for the development, manufacturing, packaging, advertising, distribution, and sale of the Products.

12. Plaintiff does not know the true names or capacities of the persons or entities sued herein as Does 1-10, inclusive, and therefore sues such defendants by such fictitious names. Plaintiff is informed and believes, and upon such information and belief alleges, that each of the Doe defendants is, in some manner, legally responsible for the damages suffered by Plaintiff and the Class Members as alleged herein. Plaintiff will amend her Complaint to set forth the true names and capacities of these defendants when they have been ascertained, along with appropriate charging allegations, as may be necessary.

## **FACTUAL ALLEGATIONS**

13. Defendant sells the Products at its retail locations across the United States, including California. The Products include but are not limited to the following varieties: Kroger Medium Roast Special Roast Ground Coffee 29oz, Kroger Medium Roast Supreme Blend Ground Coffee 29oz, Kroger Medium Roast Secret Blend Ground Coffee 30.5oz, Kroger Dark Roast French Roast Ground Coffee 24oz, Kroger Mild Roast Breakfast Blend Ground Coffee 24oz, Kroger Medium Dark Roast 100% Columbian Ground Coffee 24oz, Kroger Medium Dark Roast 100% Columbian Ground Coffee 11.5oz, and Kroger Medium Roast Decaf Classic Ground Coffee 25 oz.

CLASS ACTION COMPLAINT

14.    Defendant represents on the packaging of each of the Products that they contain enough ground coffee to make up to a specified number of servings. For example, Defendant prominently states on the front panel of its Kroger Mild Roast Breakfast Blend Ground Coffee 24oz: "MAKES ABOUT 185 CUPS" (i.e., 185 servings).

15.    Representative images of the front panel of the canisters of some of the Products are depicted below:

CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13



14
15
16
17
18



19
20
21
22      16.    Defendant places a materially identical representation on the front panel of
23  all the Products, although the number of represented servings varies based on the size
24  of the Product.
25      17.    Instructions on the back panel of the Products direct consumers to use the
26  following measurements: "[o]ne rounded tablespoon of coffee for each 6 fl oz. of cold
27  water" or "1/2 cup of coffee for every 10 servings."
28

- 6 -

CLASS ACTION COMPLAINT

18.     However, as stated in ¶¶ 1-2 above, these instructions do not produce the number of servings of coffee prominently advertised on the Products.

19.     For example, Plaintiff purchased Defendant's Kroger Medium Roast Supreme Blend Ground Coffee 29oz. The front label of the canister prominently states: "MAKES ABOUT 225 CUPS" (i.e., 225 servings). Instructions on the back panel of the canister direct consumers to use the following measurements: "[o]ne rounded tablespoon of coffee for each 6 fl oz. of cold water." However, if this instruction is followed, the canister only produces approximately 110 servings, 115 short of what is advertised on the front label.

20.     Tests performed on the Products, including the product Plaintiff purchased, reveal that Defendant uniformly and systematically misrepresents how many cups of coffee its Products are capable of brewing. When following the single serving instructions, the Products' tests consistently resulted in a 47-54% deficiency in the total number of servings per canister. The results of these tests are set forth below:

| Product Name | Servings Claimed per Can | Actual Servings Measured | Actual Servings Missing | Overall Servings Missing |
|---|---|---|---|---|
| Kroger Medium Roast Special Roast Ground Coffee 29oz | 225 | 119 | 106 | 47% |
| Kroger Medium Roast Supreme Blend Ground Coffee 29oz | 225 | 110 | 115 | 51% |
| Kroger Medium Roast Secret Blend Ground Coffee 30.5oz | 235 | 120 | 115 | 49% |
| Kroger Dark Roast French Roast Ground Coffee 24oz | 185 | 92 | 93 | 50% |
| Kroger Mild Roast Breakfast Blend Ground Coffee 24oz | 185 | 98 | 87 | 47% |
| Kroger Medium Dark Roast 100% Columbian Ground Coffee 24oz | 185 | 96 | 89 | 48% |

CLASS ACTION COMPLAINT

| Product Name | Servings Claimed per Can | Actual Servings Measured | Actual Servings Missing | Overall Servings Missing |
|---|---|---|---|---|
| Kroger Medium Dark Roast 100% Columbian Ground Coffee 11.5oz | 90 | 42 | 48 | 54% |
| Kroger Medium Roast Decaf Classic Ground Coffee 25oz | 195 | 92 | 103 | 53% |

21.     Defendant's labeling, advertising and marketing of the Products are false and misleading because a reasonable consumer, like Plaintiff, expect that if the Product's back-panel brewing instructions are followed, the canister will yield the number of servings prominently displayed on the front panel. However the above-referenced testing confirms this is not the case.

22.     Plaintiff purchased Kroger Medium Roast Supreme Blend Ground Coffee relying on Defendant's representations about the number of servings on the product's packaging.

23.     Plaintiff did not know, and had no reason to know, that the Product's labeling overstates the number of servings of coffee it is able to make. Indeed, Plaintiff was unable to measure or calculate how many servings the Products can make at the time of purchase.

24.     Defendant knew or should have known that Plaintiff and other consumers, in purchasing the Products, would rely on Defendant's serving size representations. Nevertheless, Defendant has engaged in, and continues to engage in, an advertising and marketing campaign that misleads and lures consumers into purchasing Products they would not have otherwise purchased.

25.     Defendant's advertising claims are false, misleading and deceptive because Defendant willfully misrepresents the number of coffee servings the Products will produce.

26.     Defendant's false, misleading and deceptive representations—including the number of cups of coffee each Product is capable of producing—are material in that a reasonable person would attach importance to such information in deciding to purchase the Products.

27.     As a direct result of Defendant's false, misleading and deceptive representations, Defendant injured Plaintiff and members of the Class in that they were deprived of the benefit of the bargain because the Products they purchased had less value than what Defendant represented.

28.     Consequently, Plaintiff and Class members suffered injury in fact and lost money or property as a result of Defendant's wrongful conduct.

## **CLASS ALLEGATIONS**

29.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23, on behalf of the following Class:

> All persons in the State of California who purchased one or more of the Products since July 28, 2016 for personal use and not for resale (the "Class").

30.     Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed by amendment to the complaint, or narrowed at class certification.

31.     Excluded from the Class are Defendant, its affiliates, subsidiaries, agents, board members, directors, officers, and/or employees, counsel for the Plaintiff in this matter, and the Court personnel in this matter.

32.     Members of the Class were uniformly impacted by and exposed to Defendant's misconduct. Accordingly, this Complaint is suitable for class-wide resolution.

CLASS ACTION COMPLAINT

33.   This action is brought and properly may be maintained as a Class action under the provisions of Federal Rules of Civil Procedure 23(a)(l)-(4) and 23(b)(l), (b)(2) or (b)(3), and satisfies the requirements thereof.

### Rule 23(a) Requirements

34.   The Class satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of Federal Rule of Civil Procedure 23(a) and (b)(3).

35.   **Numerosity:** The proposed Class is so numerous that joinder of all members would be impracticable.  Defendant's products can be found at over 2,700 retail location throughout the United States. The precise number of class members is at least in the tens of thousands, but the numbers are clearly more than can be consolidated in one complaint such that it would be impractical for each member to bring suit individually. Plaintiff does not anticipate any difficulties in the management of the action as a class action.

36.   **Commonality:** Common questions of law and fact predominate in this matter because Defendant's conduct towards the members of the Class is identical. Defendant uniformly, through retail locations, supplied and sold the Products to the Class.

37.   Plaintiff shares a common interest with all members of the putative Class in the objectives of the action and the relief sought.

38.   Because the Products' packaging and labeling and Defendant's marketing and deceptive conduct was uniform, the material elements of Plaintiff's claims and those of class members are subject to common proof, and the outcome of Plaintiff's actions will be dispositive for the Class.

39.   Questions of law and fact that are common to the Class include, but are not limited to, the following:

(a)   Whether Defendant made material misrepresentations and/or omissions concerning the serving yield in the Products;

(b)  Whether Defendant's packaging for the Products is misleading and deceptive;

(c)  Whether Defendant's advertising for the Products is misleading and deceptive;

(d)  Whether Defendant's representations and/or omissions concerning the Products were likely to deceive a reasonable consumers;

(e)  Whether Defendant violated the Consumers Legal Remedies Act, Cal Bus & Prof Code §§ 1750, *et seq*.;

(f)  Whether Defendant violated the False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq*.;

(g)  Whether Defendant violated the Unfair Competition Law, Cal. Bus. & Prof. Code §17200, *et seq*.; and

(h)  Whether Plaintiff and the Class are entitled to restitution, and/or injunctive relief.

40.  **Typicality:**  Plaintiff is a member of the Class she seeks to represent. Plaintiff's claims are typical of the Class members' claims because she purchased at least one of the Products and was exposed to Defendant's conduct.

41.  **Adequacy of Representation:** Plaintiff is an adequate representative of the Class she seeks to represent and will fairly and adequately protect the interests of the Class. Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel, experienced in litigation of this nature, to represent her and the Class. There are no conflicts between Plaintiff and the unnamed class members. Plaintiff anticipates no difficulty in the management of this litigation as a class action.

42.  To prosecute this case, Plaintiff has chosen the undersigned law firm, which is very experienced in class action litigation and has the financial and legal resources to meet the substantial costs and legal issues associated with this type of litigation.

43.  Specifically, the undersigned counsel, Milstein, Jackson, Fairchild & Wade, LLP, has extensive experience in complex consumer fraud and class action

litigation and have adequate financial resources to ensure that the interests of the prospective class will not be harmed.

### Requirements of Fed. R. Civ. P. 23(b)(3)

44.    The questions of law or fact common to Plaintiff and each Class member's claims predominate over any questions of law or fact affecting only individual members of the Class. All claims by Plaintiff and the unnamed Class members are based on Defendant's false and deceptive marketing on the packaging of the Products.

45.    Common issues predominate when, as here, liability can be determined on a class-wide basis, even if there may be some individualized damage determinations.

46.    **Superiority.**    A class action is superior to individual actions in part because of the non-exhaustive factors listed below:

      a.    Joinder of all class members would create extreme hardship and inconvenience for class members as they reside throughout the state;

      b.    Individual claims by class members are impractical because the costs to pursue individual claims may exceed the value of what any one class member has at stake. As a result, individual class members may have no interest in prosecuting and controlling separate actions;

      c.    There are no known individual class members who are interested in individually controlling the prosecution of separate actions;

      d.    The interests of justice will be well served by resolving the common disputes of potential class members in one forum;

      e.    Individual suits would not be cost effective or economically maintainable as individual actions; and

      f.    This action is manageable as a class action.

47.    The Class is not so large that they would be unmanageable, and no difficulties are foreseen providing notice to individual claimants. Class members can be readily identified using sales records, production records, and other information kept by

Defendant in the usual course of business and within its control. Therefore, both the membership of the Class and the amount of individual restitution will be readily ascertainable.

48.   **Notice:**   Class members can easily self-identify whether they have purchased the Product and may also be identified by business records of the retail outlets who sell the Product from customer loyalty and rewards programs.  Publication notice may be given to Class members in nationwide publications, through the creation of a public website, and other online mediums, such as Facebook, Twitter and other methods Defendant uses to advertise Defendant's Products.

49.   Plaintiff also satisfies the requirements of Rule 23(b)(2). Specifically, Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
#### Violations of Consumer Legal Remedies Act (CLRA)
#### California Civil Code §§ 1750, *et seq.*

50.   Plaintiff hereby incorporates by reference each of the preceding allegations as if fully set forth herein.

51.   Plaintiff brings this claim under California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq*., on behalf of herself and the Class, all of whom were subject to Defendant's above-described unlawful conduct.

52.   The CLRA prohibits "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer." Cal. Civ. Code § 1770(a).

53.   The CLRA is "liberally construed and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business

- 13 -

CLASS ACTION COMPLAINT

practices . . . ." Cal. Civ. Code § 1760.

54.     Plaintiff has standing to pursue this claim as she has suffered injury in fact and lost money as a result of Defendant's actions as set forth herein.

55.     At all times relevant hereto, Plaintiff was and is a "consumer" as defined in California Civil Code § 1761(d), and Defendant was and is a "supplier or seller" as defined by the CLRA.

56.     At all times relevant hereto, Defendant was and is a "person" as defined in California Civil Code § 1761(c).

57.     At all times relevant hereto, the Products were and are "goods" as defined in California Civil Code § 1761(a).

58.     At all relevant times hereto, Defendant's conduct as described herein involves consumer "transactions" as defined in California Civil Code § 1761(e).

59.     As alleged more fully above, Defendant falsely represented to Plaintiff and other members of the Class that the Products contain enough ground coffee to make up to the specified number of servings.

60.     Further, Defendant concealed from and failed to disclose to Plaintiff and the Class that the Products will not yield the number of servings represented if the instructions are followed.

61.     Defendant thus violated, and continues to violate the CLRA by engaging in the following practices proscribed by California Civil Code § 1770(a) in consumer transactions with Plaintiff and the Class, which were intended to result in, and did result in, the sale of the Products to Plaintiff and the Class:

    a.      In violation of California Civil Code §1770(a)(5), Defendant represented the Product as having characteristics, ingredients, uses, or benefits which it does not have;

    b.      In violation of California Civil Code §1770(a)(7), Defendant representing that the Product is of a particular standard, quality, or grade when it is of another; and

    c.   In violation of <u>California Civil Code</u> §1770(a)(9), Defendant advertised its Product with the intent not to sell it as advertised.

62.   Defendant's representations and omissions were uniformly made on the Product packaging and would be important to reasonable consumers in their purchasing decision.

63.   Plaintiff relied on Defendant's misrepresentations and omissions and would not have purchased the Products, or would have paid less than she had, if she had known they did not contain enough ground coffee to make up to the specified number of servings.

64.   As a direct and proximate result of Defendant's misrepresentations and omissions, Defendant has caused injury to Plaintiff and continues to cause injury to members of the Class who were misled into purchasing the Products on the belief they contained enough ground coffee to make up to the specified number of servings.

65.   Defendant's actions as described herein were done with the intention of deceiving Plaintiff and the Class and depriving them of their legal rights and money.

66.   Defendant's actions as described herein were done with conscious disregard of Plaintiff's and Class members' rights and Defendant has acted wantonly and maliciously in their concealment of the same.

67.   Defendant's wrongful business practices constituted, and constitute, a continuing course of conduct in violation of the CLRA since Defendant continues to falsely and deceptively advertise and sell the Products.

68.   Plaintiff is concurrently filing the declaration of venue required by <u>California Civil Code</u> § 1780(d).

69.   Pursuant to <u>California Civil Code</u> § 1780(a), Plaintiff seeks injunctive relief, including compelling Defendant to recall the Products and permanently refrain from labeling, selling, marketing and advertising the Products in the future with the misrepresentations and material omissions alleged herein. Plaintiff and members of the Class shall be irreparably harmed if such an order is not granted.

70.     For example, Plaintiff may be harmed again in the future because she wants to purchase Defendant's Products in the future. However, without injunctive relief Plaintiff would not be able to know or trust that Defendant will truthfully label the Products and would be likely to be misled again.

71.     Concurrent with the filing of this Complaint, Plaintiff sent Defendant notice advising Defendant it violated and continues to violate, Section 1770 of the CLRA (the "Notice"). The Notice complies in all respects with Section 1782 of the CLRA. Plaintiff sent the Notice by Certified U.S. Mail, return-receipt requested to Defendant at Defendant's principal place of business and its agent for service of process. Plaintiff's Notice advised Defendant it must correct, repair, replace or otherwise rectify its conduct alleged to be in violation of Section 1770. However, Plaintiff advised Defendant that if it fails to respond to Plaintiff's demand within thirty (30) days of receipt of the Notice, pursuant to Sections 1782(a) and (d) of the CLRA, Plaintiff will amend this complaint to also seek actual damages and punitive damages.

**SECOND CAUSE OF ACTION**
**Violations of False Advertising Law (FAL)**
***Cal. Bus. & Prof. C.* §§ 17500, *et seq.***

72.     Plaintiff hereby incorporates by reference each of the preceding allegations as if fully set forth herein.

73.     Plaintiff, on behalf of herself and the Class, brings a cause of action against Defendant pursuant to California Business and Professions code, section sections 17500, *et seq.* ("California's False Advertising Law" or "FAL").

74.     The purpose of California's False Advertising Law is to protect consumers from false or misleading advertising or promotions.  The FAL prohibits the false or deceptive advertising of products to consumers in any form of media, when the company placing the advertisement knows, or should have known, that the advertisement would be likely to mislead consumers about a material aspect of a product.

75.     As alleged herein, Plaintiff has standing to pursue this claim as she has suffered injury in fact and has lost money or property as a result of Defendant's actions as set forth herein. Specifically, prior to the filing of this action, Plaintiff purchased at least one of the Products for her own personal use.  In so doing, she relied upon the representations and omissions referenced above and believed the Products contained enough ground coffee to make up to the specified number of servings. At the time she purchased the Product, Plaintiff was not aware of these misrepresentations and omissions.

76.     In advertising the Products, Defendant made false and misleading statements in order to induce consumers into purchasing the Products and failed to make material disclosures that the Products contained enough ground coffee to make up to the specified number of servings.

77.     Defendant uses advertising on the Products' packaging, among other things, to promote the Products.

78.     Defendant's advertising and label claims are deceptive, or misleading within the meaning of the FAL because it makes affirmative representations about the promised serving yield of the Products, and concealed from and failed to disclose to Plaintiff and the Class that the Products will not yield the number of servings represented if the Defendant's own brewing instructions are followed.

79.     In making its product packaging and labeling and disseminating the statements alleged herein, Defendant knew that the statements were untrue or misleading.

80.     Through its deceptive and unlawful marketing practices, Defendant has improperly and illegally obtained money from Plaintiff and the Class.

81.     Pursuant to California's False Advertising Law, specifically Cal. Bus. & Prof. Code § 17535, Plaintiff and the Class seek injunctive relief as set forth above and an award of full restitution, and/or for such other relief as may be set forth below or ordered in the discretion of the Court.

CLASS ACTION COMPLAINT

1
2
3

**THIRD CAUSE OF ACTION**
**Violations of Unfair Competition Law (UCL)**
**'Unfair' and 'Fraudulent' Prongs**
***Cal. Bus. & Prof. C.* §§ 17200,** *et seq.*

4     82.    Plaintiff hereby incorporates by reference each of the preceding allegations
5     as if fully set forth herein.

6     83.    Plaintiff brings this claim under the "Unfair" and "Fraudulent" Prongs of
7     the Unfair Competition Law ("UCL"), <u>Cal. Bus. & Prof. Code</u> §§ 17200 *et seq*., on
8     behalf of herself and the Class, all of whom were subject to Defendant's above-
9     described unlawful conduct.

10    84.    As alleged herein, Plaintiff has standing to pursue this claim as Plaintiff
11    has suffered injury in fact and has lost money or property as a result of Defendant's
12    actions as set forth herein.  Specifically, prior to the filing of this action, Plaintiff
13    purchased at least one of the Products for her own personal use.  In so doing, she relied
14    upon the representations and omissions referenced above and believed it contained
15    enough ground coffee to make up to the specified number of servings.

16    85.    Defendant's conduct in labeling, selling, marketing and advertising the
17    Products is likely to deceive reasonable consumers. Indeed, as the test results
18    summarized above reveal, the Products are incapable of delivering the amount of
19    brewed coffee that is advertised on the front of the Products' packaging.

20    86.    Defendant is aware that its conduct is likely to deceive reasonable
21    consumers.

22    87.    As alleged herein, Plaintiff would not have purchased the Products, or
23    would not have paid as much as she had, if she knew Defendant misrepresented the
24    amount of servings the Product could produce.

25    88.    Whether the Products actually contain enough coffee to brew the
26    advertised number of servings when following Defendant's own brewing instructions
27    would be important to a reasonable consumer in deciding whether to purchase the
28    coffee. Accordingly, Defendant's misrepresentations and omissions are material and

constitute unfair and fraudulent business practices within the meaning of California Business & Professions Code § 17200, *et seq*.

89.     Defendant's business practices, as alleged herein, are unfair because: (1) the injury to the consumer is substantial; (2) the injury is not outweighed by any countervailing benefits to consumers or competition; and (3) consumers could not reasonably have avoided the injury because Defendant misled the consuming public through its own misrepresentations and omissions.

90.     Defendant's business practices are also unfair because their conduct in labeling, selling, marketing and advertising the Product offends established public policy and is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers. Such public policy is tethered to a specific constitutional and statutory provisions, including California's consumer protection statutes.

91.     There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described above.

92.     Defendant's business practices as alleged herein are fraudulent because they are likely to deceive customers into believing the Products contained enough ground coffee to make up to the specified number of servings. Defendant knew its representations and omissions and would deceive consumers into purchasing a Product on the belief they contained enough ground coffee to make up to the specified number of servings.

93.     Plaintiff was misled into purchasing the Products by Defendant's deceptive and fraudulent conduct as alleged above.

94.     Plaintiff was misled and, because the conduct, including the representations and omissions were uniform and material, believed the Products contained enough ground coffee to make up to the specified number of servings.

95.     Defendant's wrongful business practices constitute a continuing course of conduct of unfair competition since Defendant continues to market and sell the Products in a manner likely to deceive the public.

CLASS ACTION COMPLAINT

96.     Pursuant to section 17203 of the UCL, Plaintiff seeks an order of this Court enjoining Defendant from engaging in the unfair and fraudulent business practices alleged herein in connection with the sale of the Products.

97.     Additionally, Plaintiff seeks an order awarding Plaintiff and the Class restitution of the money wrongfully acquired by Defendant by means of the unfair and fraudulent business practices alleged herein.

**FOURTH CAUSE OF ACTION**
**Violations of Unfair Competition Law (UCL)**
**'Unlawful' Prong**
***Cal. Bus. & Prof. C. §§ 17200, et seq.***

98.     Plaintiff hereby incorporates by reference each of the preceding allegations as if fully set forth herein.

99.     Plaintiff brings this claim under the "Unlawful" Prong of the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq*., on behalf of herself and the Class, all of whom were subject to Defendant's above-described unlawful conduct.

100.   Defendant is unlawfully labeling, selling, marketing and advertising the Products. Indeed, Defendant's violations of the CLRA, the UCL, and the FAL alleged above, constitute predicate acts which violate the UCL's 'unlawful' prong.

101.   Plaintiff was misled because Defendant's misrepresentations and omissions, described above, were uniform and material. Plaintiff reasonably relied on those misrepresentations and material omissions when purchasing the Product, believing the Products contained enough ground coffee to make up to the specified number of servings. Plaintiff was not aware the Product cannot deliver the promised serving yield.

102.   Pursuant to section 17203 of the UCL, Plaintiff seeks an order of this Court enjoining Defendant from engaging in the unlawful business practices alleged herein in connection with the marketing and sale of the Product.

CLASS ACTION COMPLAINT

103.    Additionally, Plaintiff seeks an order awarding Plaintiff and the Class restitution of the money wrongfully acquired by Defendant by means of the unlawful conduct alleged herein.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and on behalf of the members of the Class defined herein, prays for judgment and relief on all Causes of Action as follows:

A.      An Order certifying the proposed Class and appointing Plaintiff and her Counsel to represent the Class;

B.      An Order enjoining Defendant from pursuing the policies, acts, and practices complained of herein;

C.      Declaratory relief;

D.      Pre-judgment interest from the date of filing this suit;

E.      Restitution;

H.      Reasonable attorneys' fees;

I.      Costs of this suit; and

J.      Such other and further relief as the Court may deem necessary or appropriate.

### JURY TRIAL DEMANDED

Plaintiff demands a jury trial on all triable issues.

Dated:  July 28, 2020

**MILSTEIN JACKSON FAIRCHILD & WADE, LLP**

By: _Gillian L. Wade_____

Gillian L. Wade, Esq.
Sara D. Avila, Esq.
Marc A. Castaneda, Esq.

*Attorneys for Plaintiff and the Proposed Class*

CLASS ACTION COMPLAINT